IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD COMER et al., | : | CIVIL ACTION |
|     Plaintiffs. | : | |
| | : | |
| v. | : | NO. 09-00415 |
| | : | |
| BORO DEVELOPERS, INC., et al. | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE     May 13, 2010

## I.    INTRODUCTION

On January 29, 2009, Richard and Brenda Comer, husband and wife, filed this personal injury action in the United States Court for the Eastern District of Pennsylvania, invoking diversity jurisdiction. (Doc. 1); *see* Doc. 2 (reflecting Plaintiffs' filed an amended complaint on February 24, 2009). Presently before the Court is the summary judgment motion of Defendants, Boro Developers, Inc. and Keating Building Group (collectively "Defendants"), filed on April 29, 2010 (Doc. 34) (hereinafter "Def.'s Mot. Summ. J."), Plaintiffs' response (Doc. 35) (hereinafter "Pl. Resp. in Opp'n to Def.'s Mot. Summ. J."), and the supplemental submissions submitted by the Parties on May 7, 2010, (Doc. 36, 37). For the following reasons, Defendants' motion will be **DENIED**.

## II.    FACTUAL AND PROCEDURAL HISTORY

In March of 2007, Plaintiff, Richard Comer, was a construction worker employed by the Farfield Company, Inc., which had been retained to renovate the Chester County Prison in West Chester, Pennsylvania. The Prison was owned by the county and Defendant Keating Building

1

Group ("Keating") was the construction manager for the project. (Pl. Resp. in Opp'n to Def.'s Mot. Summ. J., Ex. A.) Defendant Boro Developers, Inc. ("Boro") was the general construction contractor during the period relevant to this case.

On March 19, 2007, Comer slipped and fell on ice on a pathway between Farfield Company, Inc. and Boro's office trailers. *See id.*, Ex. B at 85-87. He alleges that he suffered a serious shoulder and neck injury as a result of the fall. (Doc. 2 ¶ 20.) Plaintiffs contends that, as general construction contractor, Boro was responsible for removing snow from all access roads and "all sites where access is required." (Pl. Resp. in Opp'n to Def.'s Mot. Summ. J., Ex. G.) They further allege that, as construction manger, Keating was responsible for supervising Boro in fulfilling this obligation. *See* Pl. Resp. in Opp'n to Def.'s Mot. Summ. J. at 4.

Both Defendants now move for summary judgment

## II. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a genuine issue of any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has done so, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the responding party must "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). Where the record taken as a whole

2

could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. *Matsushita*, 475 U.S. at 587.

## IV. DISCUSSION

Defendants moves for summary judgment, asserting that the "hills and ridges" doctrine applies to this case and Plaintiff can provide no evidence to satisfy the first two elements of this standard.[1] (Def.'s Mot. Summ. J. at 3-5) (citing *Rinaldi v. Levine*, 176 A.2d 623, 625-26 (Pa. 1962)). Plaintiffs contend that the "hills and ridges" doctrine is inapplicable, but that even if it did apply, a genuine issue of material fact exists as to whether the standard is satisfied. We will deny Defendants' motion in that we conclude that a genuine issue of material fact exists as to whether the "hills and ridges" doctrine applies.

Pennsylvania's "hills and ridges" doctrine shields land owners or occupiers from liability for generally slippery conditions resulting from ice and snow, provided the land owner or occupier

---

[1] In a supplemental submission to the Court, Defendants also assert that neither Boro or Keating owed a legal duty to Comer. *See* Doc. 37 (hereinafter "Def. Supp. Br.") Plaintiffs assert that the Defendants owed a duty to Comer, under section 324A of the Restatement (Second) of Torts (hereinafter "Section 324A"). (Pl. Resp. in Opp'n to Def.'s Mot. Summ. J. at 6-8.) In that this argument is not included in its motion for summary judgement as filed, we do address it in detail here. We do, however, observe without deciding that Section 324A appears to apply to both Defendants in this case. *Compare* (Pl. Resp. in Opp'n to Def.'s Mot. Summ. J.**,** Ex. G) (reflecting contractual responsibilities of general contractor with respect to snow removal) *and Deposition of Thomas C. DeFelice*, March 31, 2010, at 78 (reflecting superintendent, Thomas C. DeFelice's testimony, which reflects that Keating was responsible for supervising Boro in this respect) *with Nacke v. Super Fresh Food Markets, Inc. et al.*, Civ. No. 95-1542, 1997 WL 117022 at **4-5 (E.D. Pa. Mar. 12, 1997) (reflecting 324A applies to entity contractually responsible from snow and ice removal) *and Heath v. Huth Engineers, Inc.*, 420 A.2d 758, 759 (Pa. Super. 1980) (reflecting 324A was applicable to engineer obligated "to supervise work, periodically inspect it, and assist in safeguarding the owner against defects and deficiencies on the part of the contractors").

had not allowed ice and snow to "unreasonably accumulate in ridges or elevations." *Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087 (Pa. Super. 1987). If applicable, the doctrine requires that a plaintiff prove that: (1) snow and ice has accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to those traveling thereon; (2) the property owner had actual or constructive notice of the existence of this condition; and (3) the dangerous accumulation of ice and snow caused plaintiffs injuries. *Rinaldi v. Levine*, 176 A.2d 623, 625 (Pa. 1962).

The doctrine is only applicable, however, in cases where "the snow and ice complained of are the result of an entirely natural accumulation, following a recent snowfall." *Bacsick v. Barnes*, 234 Pa. Super. 341 A.2d 157, 160 (Pa. Super. 1975); *see Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523, 526 (Pa. Super. 2006). Plaintiffs are not required to prove the presence of "hills and ridges" in cases involving a localized, isolated patch of ice at a time where the conditions in the community are not generally slippery. *Tonik v. Apex Garages, Inc.*, 275 A.2d 296, 298 (Pa. 1971); *see Beck v. Holly Tree Homeowners Ass'n*, Civ. No. 08-1755, 2010 WL 716493 at *5 (E.D. Pa. Mar. 1, 2010) (applying Pennsylvania law).

Plaintiffs first contends that the "hills and ridges" doctrine does not apply to this case in that Defendants are not owners or occupiers of the Chester County Prison site. (Pl. Resp. in Opp'n to Def.'s Mot. Summ. J. at 5.) They assert that an occupier of land is defined as a "Person in possession . . . . One who has actual use, possession or control of a thing." (*Id.*) (quoting *Marwood Rest Home, Inc. v. City of Philadelphia Tax Review Board*, 535 A.2d 281, 284 (Pa. Cmwlth 1987) (citing *Redevelopment Authority of Alleghany County v. Stephnanik*, 360 A.2d 300, 302 (Pa. Cmwlth 1976)). However, under Pennsylvania law, an independent contractor is generally "in possession

of the necessary area occupied by the work contemplated under the contract and his responsibility replaces that of the owner who is, during the performance of the work by the contractor, out of possession and without control over the work or the premises." *See Hadar v. Coplay Cement Mft. Co.*, 189 A.2d 271, 277 (Pa. 1963) (cataloguing cases in support of this proposition). Without more, we conclude that the Defendants ability to control the area occupied by the work contemplated under their contracts with the county places them in the position of an occupier of land for the purposes of the "hills and ridges" doctrine.

Plaintiff also contends that Boro's contract to "promptly" remove snow and ice from specified areas is the basis for their claims against Defendants, not the general tort standard subject to the "hills and ridges" doctrine. (Pl. Resp. in Opp'n to Def.'s Mot. Summ. J. at 6-8.) This issue was addressed by the Pennsylvania Superior Court. *Bienacki v. Presque Isle Condominiums Unit Owners Association*, 828 A.2d 1114, 1117 (Pa. Super. 2003). The court held that the hills and ridges doctrine applied even though the parties – a lessor and a condominium association – contracted for snow removal, in that plaintiffs suit was "based in tort and . . . the lease agreement [did] not provide an independent standard by stating the degree to which or the time period within which the snow must be removed." 828 A.2d 1114, 1117 (Pa. Super. 2003).

We conclude that the holding of *Biernacki* controls this case. Initially, we note that unlike the plaintiff in *Biernacki*, Comer is not a party or third party beneficiary to the contract at issue.[2]

---

[2] As Defendants assert, it is a well-settled principle of Pennsylvania law that a non-party to a contract must be a third-party beneficiaries to recover on the contract. A person becomes "a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, unless the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised

Thus, his claim was necessarily based in tort as no contractual duty extended from the Defendants to Plaintiff. Further, we are not satisfied that the contract between Boro and the county sets forth an independent standard of snow removal that should displace general tort principles. Although the contract provides that the "General Contractor shall for the duration of the Project promptly remove snow from" six designated areas, it does not provide a specific time period for snow removal or state the degree to which the snow must be removed.[3] *See* Pl. Resp. in Opp'n to Def.'s Mot. Summ. J.**,** Ex. G.

Lastly, Plaintiff asserts that a fact question exists as to whether the "hills and ridges" doctrine applies to this case, particularly with respect to whether Comer's alleged injury occurred while generalized slippery conditions prevailed in the community due to a natural accumulation of snow and ice. We agree. The expert report of Delaware state climatologist, David R. Legates, Ph.D., C.C.M., reflected that two days prior to Plaintiff's fall, March 17, 2007, "a total of 1.95 inches of precipitation was reported along with 3.8 inches of sleet and an accumulation of 4 inches on the ground." (Pl. Resp. in Opp'n to Def.'s Mot. Summ. J.**,** Ex. K.) On the 18th "precipitation was zero . . . (although light snow, 0.1 inches was reported) and snow depth on the ground had decreased to

---

performance." *Scarlitti v. Weborg*, 609 A.2d 147, 150-51 (Pa. 1992). We are unable to conclude that this circumstance in present this case.

[3] We also note that the specific contractual language seems to be an improper focus given the relationship between the Defendants and Comer. Any duty Defendants may owe to Comer is imposed by law "because of the nature of the undertaking in the contract." *Evan v. Otis Elevator Company*, 168 A.2d 573, 575-76 (Pa. 1962). Liability can only result if the jury determines that Defendants' "fail[ed] to exercise reasonable care to protect this undertaking[.]" Restatement (Second) of Torts § 324A. It would appear, therefore, that the actual terms of the snow removal provision between Defendants and the Chester County Prison, does not define the contours of any duty they may have owed to Comer. Exercising reasonable care in carrying out an undertaking created by contract is different from abiding by the specific terms of the contract.

3 inches." (*Id.*) He did not describe whether any precipitation occurred on the19th, the day of the accident, but noted that the "snow on the ground was also three inches." (*Id.*) He opined that "the snow which fell . . . on March 17 and 18 would have begun to melt by the 19th and would likely have been present in liquid form on the ground as overnight freezing began[,] . . . to produce ice on the ground at the time of the accident." (*Id.*) Further, the testimony of Plaintiff and John Riddle, a journeyman contractor who also worked at the Chester Prison site, reflects that the parking lot leading to the area where the slip occurred was plowed and could be walked on without any problem.[4]

Viewed in light most favorable to the Plaintiffs, a reasonable juror could conclude that, at the time of Comer's alleged injury, generalized slippery conditions did not prevail in the community. *See Herbst v. Inven Association*, Civ. Nos. 4791 S 1994; 132 & 5402 S 1995, 1998 WL 663281 at **4-5 (Pa. Com. Pl. 1998) (holding that fact issue exited as to whether "generalized slippery conditions" existed, pointing to local accumulation totals, road conditions, whether parking lot was plowed, the recentness of the snow fall, and recent temperature fluctuation as factors which jury could consider in determining if "hills and ridges" doctrine applied). A jury question exists as to whether the ice and snow subject to this case resulted from an entirely natural accumulation, which the Pennsylvania Supreme Court has defined as "a universal freeze, as against the freezing of a small localized spot which a property-owner allows to be created and to exist as a result of some inaction on his part." *Casey v. City of Philadelphia*, 93 A.2d 470, 472 (Pa. 1953); *see also Tonik*,

---

[4] *See* Pl. Resp. in Opp'n to Def.'s Mot. Summ. J., A at 85-88 (reflecting Comer's testimony that he walked over the parking lot to get to work and that it had been plowed); *id.,* O at 37 (reflecting Riddle's testimony that "you could walk on [over parking lot surface] fine," and that he was sure "the prison must have plowed that area because that's their parking lot.")

275 A.2d at 376-77 (holding that ice patch on a side walk was "specific, localized patch," not generalized slippery conditions.)

V.      CONCLUSION

We conclude that a genuine issue of material fact exist as to whether the "hills and ridges" doctrine applies to this case. We must, therefore, deny Defendants' motion for summary judgment, which is based exclusively upon their allegation that Plaintiffs cannot satisfy the first two elements of this standard.


BY THE COURT:


/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE