IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD COMER et al., | : | CIVIL ACTION |
|     Plaintiffs. | : | |
| | : | |
| v. | : | NO. 09-00415 |
| | : | |
| BORO DEVELOPERS, INC., et al. | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                      August 3, 2010

Presently before the Court is Plaintiffs' "Motion for a New Trial Pursuant to Federal Rule of Civil Procedure 59" ("Motion") (Doc. 78), and Defendant's response thereto, (Doc. 79). For the reasons set out below, Plaintiff's Motion will be **DENIED**.

**I.     FACTUAL AND PROCEDURAL HISTORY**

On January 29, 2009, Richard and Brenda Comer, husband and wife, filed this personal injury action in the United States District Court for the Eastern District of Pennsylvania, invoking diversity jurisdiction. (Doc. 1); *see* Doc. 2 (reflecting Plaintiffs' filed an amended complaint on February 24, 2009). Plaintiffs' claimed that the negligence of Defendant Boro Developers, Inc. ("Boro") caused Mr. Comer to slip and fall on ice and snow on March 19, 2007, while he was employed as a construction worker at the Chester County Prison site in West Chester, Pennsylvania.[1] A jury trial was held on June 1 through June 4, 2010. (Doc. 67, 74.) The jury returned a verdict for the Defendant. (R. 76.)

---

[1] Defendant Keating Building Group ("Keating"), the construction manager for the project, was dismissed from the case on June 3, 2010, upon the stipulation of the Parties. (Doc. 72.)

As part of the Court's charge, the jury was instructed regarding the "hills and ridges" doctrine. In determining that such an instruction was appropriate, we rejected Plaintiffs' argument, as set out in their letter brief of June 3, 2010 (Doc. 70), that the doctrine was inapplicable in this particular fact-setting. Plaintiffs' now assert that our instruction was in error in this respect and request a new trial pursuant to Federal Rule of Civil Procedure 59. (Doc. 78.)

II.     **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59, a "court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" The court's power to grant a new trial is not unlimited, however, and may only be exercised "to prevent injustice or to correct a verdict that was against the weight of evidence." *America Bearing Co., Inc. v. Litton Indus., Inc.*, 729 F.2d 943, 948 (3d Cir. 1984); *see Olefins Trading, Inc. v. Han Yang Chem Corp.*, 9 F.3d 282, 289-90 (3d Cir. 1993). Where a jury instruction is at issue, a new trial should only be granted when the error is fundamental or may cause a miscarriage of justice. *See Wagner by Wagner v. Fair Acres Geriatric Center*, 49 F.3d 1002, 1018-19 & n.17 (3d Cir. 1995). The moving party must meet a "high threshold" to obtain a new trial, *Grazier ex rel. White v. City of Philadelphia*, 328 F.3d 120, 128 (3d Cir. 2003), and absent "a showing of substantial injustice or prejudicial error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict." *Montgomery County v. MicroVote Corp.*, 152 F.Supp.2d 784, 795 (E.D. Pa. 2001) (citations omitted).

## III. DISCUSSION

Plaintiffs contend that the Court erred in instructing the jury regarding the "hill and ridges" doctrine,[2] asserting that the area where Mr. Comer fell was a "temporary, artificial" surface, unlike a sidewalk, parking lot, or other paved area where the doctrine has typically been applied. *See* Doc. 78 at 5-11. The Defendant asserts that Plaintiffs' argument is without merit, as the crushed stone surface at issue in this case was comparable to a sidewalk or paved area and did not bear the characteristics of a surface where the doctrine has been deemed inapplicable. *See* Doc. 79.

As a preliminary matter, we observe that the court's role in this diversity case is to apply state law as announced by the highest state court. *See Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 253-54 (3d Cir. 2010). Where, as here, no Pennsylvania Supreme Court precedent addresses the specific issue before the court, the decisions of appellate state courts provide us basis for "ascertaining state

---

[2] Pennsylvania's "hills and ridges" doctrine shields land owners or occupiers from liability for generally slippery conditions resulting from ice and snow, provided the land owner or occupier has not allowed ice and snow to "unreasonably accumulate in ridges or elevations." *Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087 (Pa. Super. 1987). If applicable, the doctrine requires that a plaintiff prove that: (1) snow and ice has accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to those traveling thereon; (2) the property owner had actual or constructive notice of the existence of this condition; and (3) the dangerous accumulation of ice and snow caused plaintiffs injuries. *Rinaldi v. Levine*, 176 A.2d 623, 625 (Pa. 1962).

In considering Defendant's motion for summary judgment, we concluded that the Defendants ability to control the area occupied by the work contemplated under their contracts with the county placed them in the same position as an owner or occupier of land for the purposes of this case, requiring us to consider whether the "hills and ridges" doctrine was potentially applicable. *See Hadar v. Coplay Cement Mft. Co.*, 189 A.2d 271, 277 (Pa. 1963) (holding an independent contractor is generally "in possession of the necessary area occupied by the work contemplated under the contract and his responsibility replaces that of the owner who is, during the performance of the work by the contractor, out of possession and without control over the work or the premises"); *Morin*, 704 A.2d at 1087 (noting "hills and ridges" doctrine protects owners or occupiers of land in particular situations).

law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Budget Rent-A-C Sys. v. Chappell*, 407 F.3d 166, 174 (3d Cir. 2005) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). As set out below, we conclude that our decision to charge the jury as to the "hills and ridges" doctrine was proper given the Pennsylvania Supreme Court's application of the doctrine generally and the presence of distinguishing features in the Superior Court cases Plaintiffs have brought to our attention.

Plaintiffs rely principally upon the Superior Court's unpublished, non-precedential decision in *Thomas v. Aethos Construction Company*,[3] where the plaintiff there fell on a "snow covered plywood ramp," which the court determined was "an artificial surface that was utilized day and night at a work site and was not a sidewalk or parking lot that the public typically encounters after a snowfall." Civ. No. 165 WDA 2004 at 8 (Pa. Super. 2005); *see* Doc. 78, Ex. A. The court further explained that the issue at trial was whether this "artificial" plywood ramp was "constructed and maintained within the standard of care for its intended use." *Id.* at 8-9. As such, the court determined that Defendant was not entitled to the benefit of a "hills and ridges" instruction. *Id.* at 9.

Even if we were to accept this non-precedential opinion as evidence of the Pennsylvania Supreme Court's position on this issue (which we do not) we conclude that it is inapposite. The crushed stone path and lay down area at issue in the case before us was part of a area for contractors

---

[3] The Superior Court's Internal Operating Procedures ("IOP") provide that an unpublished memorandum opinion is not to be relied on or cited by a Court or party in a civil case unless the doctrine of law of the case, res judicata, or collateral estoppel are at issue. *Pa. Super. I.O.P.* § 65.37.

4

to use during this extensive construction project. The crushed stone surface was the only improvement expected upon the area which formed the administrative center of the work site and it was reasonable, therefore, to expect that this surface would require the same snow removal responsibilities that might be expected with regard to a private walkway. The application of the Chester County Prison Manual's snow removal provision to the lay down area supports this proposition. *See* Doc. 35, Ex. C (setting out snow removal provision) *and id.*, Ex. G (reflecting Safety Director, Wayne Eik's testimony that snow removal provision applied to lay down area). Further there was ample testimony that Mr. Comer and other construction workers regularly used the crushed stone pathway and lay down area to access their company trailers from the parking lot of the site, as one would use a private outdoor walkway.[4] The fact that it was composed of crushed stone – as pathways often are – does not make it analogous to the "temporary, artificial" plywood ramp used as an entry and exit to the work site in *Thomas*.[5]

Further, even though the *Thomas* court did not identify any Pennsylvania cases which did not apply the "hills and ridges" doctrine to "artificial surfaces," it did cite *Heasley v. Carter Lumber*, 843 A.2d 1274 (Pa. Super. 2004) as basis for its holding. In *Heasley*, the Superior Court held that the

---

[4] *See Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087 (Pa. Super. 1987); *Wentz v. Pennswood Apartments*, 518 A.2d 314, 315-16 (Pa. Super. 1986) (noting the "hills and ridges" doctrine applies in situations where business invitee falls on private walk as the court was "at a loss to find any justification" for making a distinction between public and private walks).

[5] We also observe that there are limitations to our ability to compare this case to *Thomas*, given that the unpublished *Thomas* opinion, as well as the underlying trial court decision, lack specific details which would allow us to determine how that court decided to characterize the condition as an "artificial surface" and why the "hills and ridges" doctrine would be inapplicable to such a surface. *See Thomas v. Aethos Construction Company*, Civ. No. GD 02-2629, 2004 WL 1739865 (Pa. Ct. Com. Pl. Mar. 22, 2004). Considering these factor, along with the dictates of Superior Court's rule regarding reliance on unpublished cases, we consider *Thomas* to be of minimal value.

"hills and ridges" doctrine was inapplicable in a case where plaintiff fell inside of a partially enclosed shed. 843 A.2d at 1276. It explained that:

> The extension of this doctrine to structures and/or other partially open areas would present many questions: (1) how much of the structure must be open to the elements before the doctrine applies; (2) how does one distinguish between snow and ice that is naturally occurring and snow and ice that has been tracked into the structure by people; (3) does the doctrine apply throughout the structure or only to slips and falls which occur near that portion of the structure which is open to the elements.

*Id.*; *see Thomas*, Civ. No. 165 WDA 2004 at 8 (citing this portion of *Heasley* decision). These difficulties are not present in this case. No aspect of the crushed stone path in the case before us was covered or directly connected to an interior structure. The application of the "hills and ridges" doctrine to cases of this kind raises no serious question as to whether the snow and ice at issue was the result of an entirely natural accumulation.[6]

Finally, Plaintiffs assert that *Gillian v. Villanova* demonstrates that the "hills and ridges" doctrine applies only to paved areas. (Doc. 78 at 10-11 (citing *Gilligan v. Villanova University*, 584 A.2d 1005 (Pa. Super. 1991); *Heasley v. Carter Lumber*, 843 A.2d 1274 (Pa. Super. 2004)). We disagree. In *Gillian*, the Pennsylvania Superior Court held that the "hills and ridges" doctrine did

---

[6] Plaintiffs also contend that the temporary nature of the crushed stone area dictated that sections 382 and 343 of the Restatement (Second) of Torts should apply, rather than the "hills and ridges" doctrine. *See* Doc. 78 at 8; *see Thomas*, Civ. No. 165 WDA 2004 at 8 (citing *The Reformed Church of Ascension v. Theodore Hooven & Sons. Inc.*, 764 A.2d 1106, 1110 (Pa. Super. 2000)). Indeed, a contractor who constructs a building or creates a temporary condition upon land owes the duty of an occupier of land. *See Szumski v. Lehman Homes, Inc.*, 406 A.2d 1142, 1144 (Pa. Super. 1979). The duty owed by an occupier of land, however, is not incompatible with the "hills and ridges" doctrine. *Wentz v. Pennswood Apartments*, 518 A.2d 314, 315-16 (Pa. Super. 1986). We are, therefore, unable to conclude that our instruction was in error in that we charged the jury according to both section 343 of the Restatement (Second) and the "hills and ridges" doctrine.

not apply where the plaintiff fell "in a grassy area not intended to be traversed by pedestrians." 584 A.2d at 1007. The court reasoned that it was "only logical that the doctrine apply to area *such as* sidewalks, parking lots, and other paved areas" as it would be "impracticable and absurd" to require landowners to clear snow and ice off of all areas, including grass areas. *Id.* (emphasis added.) The court, therefore, limited application of the doctrine to areas upon which the owner could expect people to be traveling. While the grass lawn at issue in *Gillian* was not paved, we do not read the court's opinion to stand for the broad proposition that all unpaved areas are beyond the reach of the "hills and ridges" doctrine.

We further conclude that *Gillian* is distinguishable from this case. The crushed stone area at issue here stands apart from surrounding grass and dirt and was understood by Mr. Comer and other workers as a path and area which could be used to access company trailers. *See* Doc. 35 at 3-4 (reflecting that, in response to Defendant's summary judgment motion, Plaintiffs asserted that Mr. Comer "slipped and fell on ice which had accumulated on the access path in the 'lay down area[]'"); Doc. 79 at 6 ("Plaintiffs' case revolved around the premise that workers on the job site should have been expected to use the path in question and therefore Defendant Boro Construction was negligent in not clearing it.") We, therefore, do not consider the rationale of *Gillian* to apply. Indeed, unlike application of the doctrine to an entire lawn, holding a landowner responsible for removing snow and ice from a crushed stone area would not impose upon them the "impracticable and absurd" responsibility of "clearing ice and snow from the entire property in order to avoid liability[.]" *Gilligan*, 584 A.2d at 1007.

V.     **CONCLUSION**

We conclude that our instruction as to the "hills and ridges" doctrine was appropriate under

Pennsylvania law and therefore deny Plaintiffs' motion for a new trial on this basis. The Pennsylvania Supreme Court has not passed upon the application of "hill and ridges" in this specific setting, but we are convinced that our instruction was appropriate. The cases Plaintiffs' rely upon to support the alternative conclusion are clearly distinguishable from the facts of this case.

BY THE COURT:


/s/David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE